JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FPG CALIFORNIA, INC., | )  Case No. CV 25-11786 FMO (RAOx) |
| Plaintiff, | ) |
| v. | )  **JUDGMENT** |
| OMEGA FUNERAL HOME, | ) |
| Defendant. | ) |

Pursuant to the Court's Order Re: Motion for Default Judgment, IT IS ADJUDGED that:

1.  Judgment is hereby entered in favor of plaintiff FPG California, Inc. and against defendant Omega Funeral Home.

2.  Defendant shall pay plaintiff the total amount of $27,698.60, which is comprised of the following:  (1) $25,999.60 in attorney's fees; and (2) $1,699.00 in costs.

3. Defendant, and its respective agents, servants, employees, and any persons or entities acting in concert or participation with Defendant, are hereby PERMANENTLY ENJOINED from:

(a)    advertising, promoting, marketing, selling, and offering for sale any funeral or cremation services bearing or in connection with the term OMEGA on Defendant's or third parties' websites or social media accounts, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's OMEGA SOCIETY Mark, or authorizing any third party to do so;

(b)    applying, now or in the future, for registration of the term OMEGA as a trademark or fictitious name;

(c)    registering, owning, or using any social media account name or handle that consists of the term OMEGA, or that is confusingly similar to the OMEGA SOCIETY Mark, including, but not limited to, the Instagram handle <@omega_funeral_home>, or that suggests that the social media account originates from Plaintiff, or is sponsored or licensed by, or affiliated with, Plaintiff, when it is not, including but not limited to any social media account name or handle on the following social media platforms: Facebook (Meta), Twitter (X), Instagram, YouTube, Snapchat, TikTok, LinkedIn, Pinterest, WhatsApp, Tumblr, and Reddit;

(d)    registering, owning, or using any domain name or URL that consists of the term OMEGA, or that is confusingly similar to the OMEGA SOCIETY Mark, including, but not limited to, the domain <planningwithomega.com>, or that suggests the website is accessible via the domain name or URL that originates from Plaintiff, or is sponsored or licensed by, or affiliated with, Plaintiff, when it is not;

(e)    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods, and/or services with Plaintiff, or tend to do so;

(f)    engaging in any activity that infringes the OMEGA SOCIETY Mark or uses any confusingly similar mark; and

(g)    engaging in any unfair competition with Plaintiff; and receiving any compensation, whether in money, in kind, or otherwise, for any of the acts proscribed in subparagraphs (a) – (f) above, either directly or indirectly through one or more third-parties.

Defendant and all other persons acting in concert with or in conspiracy with or affiliated with Defendant shall immediately remove all advertising, marketing, or promotion of services being offered with or that bear the term OMEGA. Plaintiff may provide a copy of this Judgment to any

social media platforms (e.g., Twitter, Instagram, Facebook, etc.), domain registrars, hosting providers, and any other third-parties to inform them about the injunction imposed upon Defendant set forth above.

4. Plaintiff shall serve defendant with a copy of this Judgment in such a manner as to make it operative in any further proceedings.

Dated this 15th day of May, 2026.

/s/
Fernando M. Olguin
United States District Judge
